United States Bankruptcy Court
Eastern District of California

Esplanade Enterprises, Inc.,
Plaintiff

Adv. Proc. No. 15-02002-B

HORNE,
Defendant

## CERTIFICATE OF NOTICE

District/off: 0972-2 User: cjim Page 1 of 1 Date Rcvd: May 18, 2016
Form ID: pdf021 Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 20, 2016.

aty +Mark Gorton, 555 Capitol Mall Suite 1500, Sacramento, CA 95814-4603
aty +Raymond L. Sandelman, 196 Cohasset Road, Suite 225, Chico, CA 95926-2280
aty +Thomas G. Mouzes, 555 Capitol Mall Suite 1500, Sacramento, CA 95814-4603
def +STEVEN J. HORNE, P. O. Box 195, Chico, CA 95927-0195

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE. TOTAL: 0

***** BYPASSED RECIPIENTS *****
NONE. TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 20, 2016 Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 18, 2016 at the address(es) listed below:
NONE. TOTAL: 0






**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br>STEVEN J. HORNE,<br>Debtor(s). | Case No. 14-30124-B-7<br>Adversary No. 15-2002 |
| ESPLANADE ENTERPRISES, INC., and JOSEPH MICELI,<br>Plaintiff(s),<br>v.<br>STEVEN J. HORNE,<br>Defendant(s). | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR AN AWARD OF COSTS**

Plaintiffs Esplanade Enterprises, Inc., and Joseph Miceli, as the prevailing parties in the above-captioned adversary proceeding, request costs in the amount of $3,316.20, plus an additional $135.04 for statutory witness fees and mileage. Plaintiffs' request is governed by Federal Rule of Bankruptcy Procedure 7054(b)(1) and Local Bankruptcy Rule 1001-1(c), which incorporates Local District Court Rule 292. LDCR 292, in turn, permits taxation of costs consistent with 28 U.S.C. § 1920, and other applicable statues.

Defendant Steven J. Horne has not opposed plaintiffs' request for taxation of costs. However, costs are not awarded as

a matter of course and they remain subject to the court's discretion. See In re Jodoin, 196 B.R. 845, 856 (Bankr. E.D. Cal. 1996), aff'd, 209 B.R. 132 (9th Cir. BAP 1997). The party seeking costs must produce evidence properly documenting and establishing the costs incurred. Fogleman v. ARAMCO, 920 F.2d 278, 285-86 (5th Cir. 1991); State of Arizona v. Maricopa Co. Med. Soc., 578 F. Supp. 1262, 1264 (D. Ariz. 1984) (citations omitted) (stating that more than a conclusory application required and application must include detailed supporting documentation).

For the reasons explained below, plaintiffs' request for costs will be granted in part and denied in part.

Plaintiffs request $785.00 for fees of the court. See 28 U.S.C. § 1920(1); LDCR 292(f)(1). These fees are not documented or itemized. However, the court will take judicial notice that the fee for filing an adversary complaint is $350.00. And according to the docket, this is the only fee charged in this adversary proceeding. So as to the "Fees of the clerk" cost - $350.00 will be allowed, and the balance of $435.00 will be disallowed.

Plaintiffs request $103.00 for service of the summons and complaint. See 28 U.S.C. §§ 1920(1) and 1921; LDCR 292(f)(2). No certificate of service was ever filed in the adversary proceeding. And even if a certificate of service was filed, the court notes that Federal Rule of Bankruptcy Procedure 7004(b) permits service of the summons and complaint by mail. And, again, this cost is not itemized or documented. So this cost item of $103.00 will be disallowed in its entirety.

Plaintiffs request $20.00 for a docket fee. 28 U.S.C. §§ 1920(5) and 1923; LDCR 292(f)(4). Plaintiffs provide no supporting documents for this item. However, the court takes judicial notice that the docket in this adversary proceeding is one page, maybe two pages at most. The court also takes judicial notice that the clerk charges $.50 per page for reproducing any document. So the court will allow $1.00 for docket fees, and the balance of $19.00 will be disallowed.

Plaintiffs request $2,428.20 for deposition fees. 28 U.S.C. § 1920(2) permits taxation of the cost of transcripts "necessarily obtained for use in the case." See also LDCR 292(f)(3). Although depositions need not actually be used in the case, there must still be some showing how the transcripts were necessary for trial. That showing has not been made here. The transcripts are not identified and no invoices are provided. Consequently, plaintiffs have not properly itemized this expense in a way that allows the court to understand the necessity for the expenses claimed. See Zopatti v. Rancho Dorado Homeowners Ass'n, 2012 WL 92338 at *4 (S.D. Cal. January 10, 2012). Therefore, taxation of this cost is denied, and $2,428.20 is disallowed in its entirety.

Plaintiffs request $135.04 for statutory witness fees and mileage for Vicki Perryman. See 28 U.S.C. § 1821. This cost will be allowed in the amount of $135.04.

Based on the foregoing,

IT IS ORDERED that plaintiffs shall recover costs from defendant in the total amount of $486.04.

IT IS FURTHER ORDERED that plaintiffs' request for all other costs not taxed to the defendant as provided in this order are denied and all other costs requested and not taxed are disallowed.

Dated: May 17, 2016.

UNITED STATES BANKRUPTCY JUDGE

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Raymond L. Sandelman
196 Cohasset Road, Suite 225
Chico CA 95926

Thomas G. Mouzes
555 Capitol Mall Suite 1500
Sacramento CA 95814

Mark Gorton
555 Capitol Mall Suite 1500
Sacramento CA 95814

STEVEN J. HORNE
P. O. Box 195
Chico CA 95927